IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) ) | **COMPLAINT** |
| | ) | **JURY TRIAL DEMAND** |
| INTERVENTIONAL PAIN MANAGEMENT ASSOCIATES, PLLC and BAXTER COUNTY REGIONAL HOSPITAL, INC. d/b/a Baxter Regional Medical Center | ) ) ) ) ) | |
| Defendant. | | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Hillary-Paige Potter who was adversely affected by such practices. The Commission alleges that Interventional Pain Management Associates, PLLC (IPMA) and Baxter County Regional Hospital, Inc. (Baxter), an integrated enterprise/joint employer, terminated Hillary-Paige Potter's employment in retaliation for her opposition to the sexual harassment of a co-worker as part of the investigation of those allegations.

As alleged with greater particularity below, Plaintiff Equal Employment Opportunity Commission alleges that Defendants IPMA and Baxter retaliated against Potter for engaging in protected activity.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged unlawful were committed within the jurisdiction of the United States District Court for Western District of Arkansas, Harrison Division.

## PARTIES

3. The Commission is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by §706(f)(1) and (3) of Title VII.

4. At all relevant times, Defendants IPMA and Baxter (collectively Defendant Employer) have operated as an integrated enterprise or joint employer.

5. Defendant Employer shares interrelation of operations as IPMA is located on Baxter's grounds.

6. The contract between Defendant Employer states IPMA or Baxter would furnish the physician assistant such as Potter with office space, equipment, and furnishing for the proper operation and conduct of the physician's services.

7. Defendant Employer share common management.

8. Baxter employee Amy Swallow, Physician Network Coordinator, coordinated with Potter during the hiring process to recruit Potter to IPMA.

9. Baxter employee Diane Holmes worked at the IPMA location as office manager for IPMA.

10. Defendant Employer shares common control of labor relations.

11. IMPA's email address is marketing@BRMCregional.org.

12. The page link is: BRMCregional.org/medical-services/pain-management.

13. Baxter loaned Potter $5,000 at her hire at IPMA and set the terms for payment.

14. Baxter handled the hiring paperwork and other initial hiring actions for Potter's hire at IPMA.

15. Baxter hired all medical assistants, front end staff, coders, managers, and registered nurses for IPMA.

16. Potter's Employment Agreement with IPMA, Section 2.4, provides that BRMC shall recruit and employ, at the Practice Location, all medical and non-medical personnel as reasonably determined by The Practice.

17. Potter's Employment Agreement with IPMA, Section 3.01, provides that Physician Assistant agrees to engage in, on or before March 2018, and continuously thereafter in the Hospital's Integrative Pain Center in Mountain Home, Arkansas.

18. Defendant Employer shares a degree of common ownership.

19. On Baxter's website, Baxter refers to IPMA as "a department of Baxter."

20. On IPMA's letterhead, IMPA is referred to as a department of Baxter.

21. Billing for services from IPMA are processed through Baxter's billing department and then distributed to IPMA for distribution to the providers.

22. Baxter holds itself out to the public that Baxter and IPMA are part of the same enterprise.

23. At all relevant times, Defendant Employer has continuously been a limited liability Company specifically formed to provide professional services and doing business in the State of Arkansas and the City of Mountain Home.

24. At all relevant times, Defendant Employer has continuously been a domestic nonprofit corporation doing business in the State of Arkansas and the City of Mountain Home, and together they have continuously had 15 employees.

25. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII.

26. At all relevant times, Defendant Employer has been a covered entity under 42 U.S.C. §2000e-5(f)(1) and (3) and 42 U.S.C. §2000e-3(a).

## ADMINISTRATIVE PROCEDURES

27. More than thirty days prior to the institution of this lawsuit, Potter filed a charge of discrimination with the Commission against Defendant Employer alleging a violation of Title VII.

28. On May 23, 2023, the Commission issued to Defendant Employer Letters of Determination finding reasonable cause to believe Defendant Employer violated Title VII and invited Defendant Employer to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and to provide appropriate relief.

29. The Commission engaged in communications with Defendant Employer to provide Defendant Employer with the opportunity to remedy the discriminatory practices described in the Letters of Determination.

30. The Commission was unable to secure from Defendant Employer conciliation agreements acceptable to the Commission.

31. On July 28, 2023, the Commission issued Defendant Employer Notices of Failure of Conciliation.

32. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF THE RETALIATION CLAIM UNDER TITLE VII

33.     Since at least April of 2022, Defendant Employer engaged in unlawful employment practices at their Mountain Home, Arkansas locations in violation of §703(a) of Title VII, 42 U.S.C. § 2000e-3(a).

34.     The unlawful employment practices include retaliating against Potter because of her opposition to the of sexual harassment of another employee as part of the investigation of the other employee's sexual harassment complaint.

   a. Defendant Employer recruited Potter for a Physician Assistant position at IPMA's location in Mountain Home.

   b. Defendant Baxter paid Potter a signing bonus.

   c. Defendant IPMA hired Potter as a Physician Assistant on or about February 5, 2018.

   d. When Defendant IPMA hired Potter, Dr. Ira Chatman and Dr. Ronald Tilley owned IPMA.

   e. On or about April 2019, a coworker of Potter complained to Potter that Dr. Ronald Tilley was sexually harassing her.

   f. Potter encouraged the employee to report the sexual harassment to IPMA Office Manager Diane Holmes, then an employee of Baxter, not IPMA, Dr. Chatman, or Baxter's Human Resources Department.

   g. Holmes reported the sexual harassment complaint to Baxter's Human Resources Department.

   h. Baxter's Human Resources Department investigated the sexual harassment complaint.

   i. Baxter's Human Resources Department interviewed Potter as part of that investigation.

j. Following Baxter's investigation of the sexual harassment complaint, Dr. Tilley took leave in the form of a sabbatical.

k. Potter took maternity leave from May through July 2019.

l. Upon Potter's return from maternity leave, Dr. Chatman confronted Potter and told her she was an instigator and that if he could prove she was the one who reported Tilley, she would never work in northwest Arkansas again.

m. Upon Potter's return from maternity leave, Dr. Chatman began requiring Potter to drive to its other location in Harrison, Arkansas, to work.

n. Dr. Chatman had previously told Potter she would not have to drive to Harrison while she had an infant.

o. Upon Potter's return from maternity leave, Dr. Chatman took away Potter's every-other- Friday off and changed her time off to one-half day off every Wednesday.

p. On or about March 2, 2022, Dr. Chatman informed Potter she needed to resign no later than June 29, 2022.

q. Dr. Chatman reasoned that Potter needed to resign because Defendant Employer wanted Dr. Tilley to have the option to return to work at IPMA.

r. Dr. Chatman told Potter that she and Dr. Tilley could not work together because of Potter's involvement in the complaint against Tilley for sexual harassment.

s. Dr. Chatman told Potter that Dr. Tilley held a grudge against her.

t. Dr. Chatman told Potter she had "painted with the brush of being a rabble rouser and brought all of this [sexual harassment stuff] and created a hostile work environment."

u. Dr. Chatman stated that "Diane [Holmes] leaving was part of the same process."

v. On or about April 5, 2022, Potter informed Dr. Chatman she would not resign and declined to sign a severance agreement prohibiting her from discussing the

6

    circumstances surrounding her departure.

   w. Dr. Chatman terminated Potter's employment effective April 29, 2022.

  35. The effect of the practices complained of in Paragraph 34 a-w has been to deprive Potter of equal employment opportunities and to otherwise adversely affect her employment by retaliating against Potter for engaging in a protected activity.

  36. The unlawful employment practices complained of in Paragraph 34 a-w were intentional.

  37. The unlawful employment practices complained of in Paragraph 34 a-w were done with malice or with reckless indifference to the federally protected rights of Potter.

## **PRAYER FOR RELIEF**

  Wherefore, the Commission respectfully requests that this Court:

  A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in retaliation.

  B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees who engage in protected activity and which eradicate the effects of their past and present unlawful employment practices.

  C. Order Defendant Employer to make whole Potter by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

  D. Order Defendant Employer to make whole Potter by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above,

including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation in amounts to be determined at trial.

  E. Order Defendant Employer to pay Potter punitive damages for their malicious and reckless conduct described above in amounts to be determined at trial.

  F. Grant such further relief as the Court deems necessary and proper in the public interest.

  G. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

**GWENDOLYN YOUNG REAMS**
Acting General Counsel

**CHRISTOPHER LAGE**
Deputy General Counsel

*/s/ Faye A. Williams*
**FAYE A. WILLIAMS**
Regional Attorney
TN Bar No. 11730

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
200 Jefferson Avenue, Suite 1400
Memphis, TN  38103
Telephone: (901) 685-4609

*/s/ Gary Sullivan*
**GARY SULLIVAN**
Assistant Regional Attorney
AR Bar No. 92051
gary.sullivan@eeoc.gov

*/s/ Pamela B. Dixon*
**PAMELA DIXON**
Senior Trial Attorney
AR Bar No. 95085
pamela.dixon@eeoc.gov


/s/ Jennifer Corbin Bearden
**JENNIFER CORBIN BEARDEN**
Trial Attorney
AR Bar No. 2013027
jennifer.bearden@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
820 Louisiana St., Ste. 200
Little Rock, AR  72201
Telephone: (501) 900-6145